**Miguel Angel MURILLO NOGUEZ; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74801.
Agency Nos. A95–588–670, A95–588–671.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 12, 2006.

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA,

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Miguel Angel Murillo Noguez and Lourdes Pineda, husband and wife, and natives and citizens of Mexico, petition for review of the decision of the Board of Immigration Appeals ("BIA"), summarily affirming the Immigration Judge's decision that petitioners were ineligible for cancellation of removal because they did not meet the "exceptional and extremely unusual hardship" requirement of 8 U.S.C. § 1229b(b)(1)(D). We have jurisdiction pursuant to 8 U.S.C. § 1252 to review questions of law, and we deny the petition for review.

We reach the merits of petitioners' statutory construction claim because they were not required to exhaust this claim under 8 U.S.C. § 1252(d)(1). *See Sun v. Ashcroft,* 370 F.3d 932, 942 (9th Cir.2004) (where issues are "entirely foreclosed by prior BIA case law," petitioners need not raise them before the BIA). Petitioners' statutory construction claim fails because the BIA's interpretation of the hardship requirement "comports with the statutory language and congressional intent." *Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1006 (9th Cir.2003).

The voluntary departure period was stayed, and that stay will expire upon issu-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**